BRYAN SCHRODER
United States Attorney

DANIEL DOTY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Daniel.Doty@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>WALLY CARTER,<br><br>    Defendant. | )<br>)<br>)<br>) No. 4:21-cr-00002-RRB-SAO<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR PROTECTIVE ORDER**

  COMES NOW the United States of America, by and through the undersigned counsel, and hereby moves for a protective order from the Court restricting the distribution of discovery in the above-captioned case pursuant to Federal Rule of Criminal Procedure 16(d)(1). The United States requests that any discovery in this case that contains the name; street or mailing address; telephone number; social security

number or other similar identifier; social media or other online account information, log-in information, or online screen name; similar information protected under Fed. R. Evid. 49.1 (hereinafter "Protected Information"), or any images, audio recordings, or descriptive information that would easily lead to the discovery of Protected Information, not be distributed, shown, or made available to individuals other than the defendant, his defense attorney(s), defense investigators, or experts or consultants specifically retained by defendant's counsel (hereinafter "Defense Team").

Further, the United States requests that the order require all members of the Defense Team to make a good faith effort to prevent unauthorized distribution of Protected Information (i.e., the defendant may review but not keep with him discovery containing Protected Information while in custody where others not associated with the defense team may view the discovery). Further, the United States requests that any audio, video, photographic, or digital discovery containing the image, voice, or any other Protected Information not be left in the custody of any in-custody defendant. The United States also requests that any discovery containing Protected Information not to be left with the defendant in custody.

The purpose of this motion is to facilitate the full production of discovery while ensuring the protection of the victim in the case.

//
//

## "Good Cause" Exists to Restrict Discovery

Fed R. Crim. P. 16(d)(1) provides:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

interviews, notes, handwritten documents, e-mails, and other documents containing repeated references to victim and witness names, their street and mailing addresses, their telephone numbers, their current place of residence, and other Protected Information. This information is protected under the criminal rules. Many of these communications were through social media platforms and through text messaging.

"Good cause" exists in this case to restrict discovery for several reasons. First, other than the parties listed above, there is no reason for anyone other than members of the defense team to view the discovery. Furthermore, victims of crime have a right to be reasonably protected from the accused, as well as the right to be "treated with fairness and respect for [their] privacy and dignity." 18 U.S.C. § 3771(a)(1), (8). Finally, redaction is impractical and might impede the defense preparation of the case, but Defendant's possession in custody could easily lead to disclosure to parties unrelated to the case or to an ongoing risk to the victim's safety or well-being. Disclosure of an unredacted copy to the defense team that the Defendant cannot possess unsupervised is a reasonable way to address these competing considerations.

The undersigned counsel for the United States contacted counsel for defendant, and they do not oppose this request.

The United States submits that there is good cause to restrict discovery in this fashion, and request the Court enter an order restricting discovery in the form attached hereto.

RESPECTFULLY SUBMITTED this 22nd day of February, 2021, in Fairbanks, Alaska.

BRYAN SCHRODER
United States Attorney

*s/* Daniel Doty
DANIEL DOTY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing was served
electronically on the following:

Gary Colbath

s/ Daniel Doty
Office of the U.S. Attorney